IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAN RUSSELL , Individually and On Behalf of All Others Similarly Situated, §§§ | |
| *Plaintiff*, §§§ | CIVIL ACTION NO.: 4:17-cv-8 |
| v. §§ | JURY DEMANDED |
| NATIONWIDE EVICTION, LLC §§ | |
| *Defendant*. § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

DAN RUSSELL ("Plaintiff"), individually and behalf of all others similarly situated, files this lawsuit as a collective action against NATIONWIDE EVICTION, LLC ("Defendant") to recover unpaid overtime wages, lost wages, liquidated damages, and attorney's fees, and for cause of action would show the following:

### I. NATURE OF CLAIMS

1. This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA") to correct unlawful employment practices, including Defendant's failure to abide by wage and hour laws. This collective action seeks to recover unpaid wages and other damages owed by Defendant to its current and former Nationwide Eviction employees. Nationwide Eviction has misclassified Plaintiff and others similarly situated as "Agents" and failed to pay Plaintiff and others similarly situated minimum wage in violation of the FLSA.

## II.     JURISDICTION AND VENUE

2.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.     Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because the Defendant and the Plaintiff(s) transacted business within this judicial district and a substantial part of the events or omissions giving rise to this Complaint occurred in this district. At all times pertinent to this Complaint, Defendant engaged in providing eviction services by conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).  Additionally, Plaintiff(s) was individually engaged in commerce and his work was essential to the Defendant's business.  Specifically, Plaintiff traveled on interstate highways in the performance of his duties and exclusively used interstate communications to perform his job duties.

## III.     THE PARTIES

1.     Plaintiff, Dan Russell is an individual residing in Harris County, Texas. Mr. Russell was employed by the Defendant from October 16, 2013 until October 16, 2016.  Plaintiff brings his federal overtime claims on his own behalf and on behalf of all others similarly situated to file with this Court their consent to sue.

2.     Defendant, Nationwide Evictions, LLC is a limited liability company operating in over 30 markets in the U.S.  Nationwide Evictions, LLC headquarters is located at 309 East Morehead Street, Suite 150, Charlotte, North Carolina 28202 and may be served with process through its owner Chris Crawford at 309 E. Morehead St. Suite 150, Charlotte, NC 28202.  Plaintiff has

requested a waiver of summons from Defendant.

## IV.    FACTS

3.     At all times relevant to this lawsuit, Defendant was, and remains, an enterprise engaged in commerce within the meaning of the FLSA. 29 U.S.C. § 203, and is subject to the FLSA.

4.     Defendant, Nationwide Eviction, LLC is a service company that provides a local presence to real estate companies engaged in the eviction process across the United States. The Company markets its proprietary technology to integrate local and county eviction procedures into its own cloud-based system. Defendant then provides its own local employees to attend hearings and assist with processing eviction documentation through the appropriate court system.

5.     Defendant employed Plaintiff and others similarly situated at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g). Plaintiff asserts upon information and belief that Defendant's annual revenues exceeded $500,000.00 during the relevant time period.

6.     In performing his duties for Defendant, Plaintiff and others similarly situated were employed in an enterprise engaged in commerce or in the production of goods for commerce. Specifically, Defendant has employees utilizing interstate telephone and broadband communications for the commercial purposes of Defendant's enterprise. Moreover, Defendant required Plaintiff and other non-attorneys to prepare for and attend and court hearings requiring them to travel through the corridors of interstate commerce.

7.     Plaintiff and others similarly situated were employed as eviction "Agents" (non-attorneys) that attended court hearings on behalf of Defendant's customers. Plaintiff and other similarly situated are misclassified as exempt from overtime requirements. Non-Attorney employees such as the Plaintiff are not professionals for purposes of the FLSA and are not exempt from the overtime.

8.     Plaintiff and others similarly situated are paid a flat fee of $50.00 for each court appearance regardless of the amount of time it takes the Agent to perform the task.  Plaintiff and others similarly situated were not compensated for expenses associated with using their own vehicles, cell phone data, car insurance gas, parking, and other expenses.

9.     Upon information and belief, other similarly situated employees are also uniformly paid in a fashion similar to Plaintiff and not compensated for the expenses associated with performing their job duties.

10.    As a matter of economic reality, Nationwide Eviction advertises, on the "About Us" section of its website, that "owners select from a pool of experienced professionals for court representation that are knowledgeable of the intricacies of local law and processes pertaining to evictions, writs and collections."  Specifically, Nationwide Eviction is in the business of providing a service to its customers—the very task that its "Agents" are hired to perform.  However, the experienced professionals that Nationwide Eviction claimed to have on staff were not all attorneys or exempt employees.  The work performed by the non-exempt Agents is integral to Defendant's business in that Nationwide Eviction simply could not function without their contributions.

11.    Plaintiff and others similarly situated are entitled to overtime at one-and-one-half times their regular rates of pay for all hours worked in excess of forty (40) in a workweek as required by 29 U.S.C. § 207.

12.    Defendant did not pay Plaintiff and others similarly situated one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per week.

13.    Defendant violated the FLSA because it did not pay Plaintiff and others similarly situated the regular or overtime pay they should have received for the hours worked and hours worked in

4

excess of forty (40) in a workweek. Plaintiff and others similarly situated did not receive minimum wage for hours worked for Nationwide Eviction.

14. As a result, Plaintiff and others similarly situated did not receive compensation they were legally entitled to receive. The work performed by Plaintiff and others similarly situated was with Defendant's knowledge. Defendant approved the Agent's schedules, assigned work and supervised the work.

15. Defendant's violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiff and similarly situated employees' rights.

### V. FIRST CAUSE OF ACTION: MINIMUM WAGE AND OVERTIME VIOLATIONS

16. Plaintiff reasserts and incorporate by reference all of the above numbered paragraphs.

17. Plaintiff and others similarly situated were employees of Nationwide Eviction, LLC as set forth above.

18. As employees of Nationwide Eviction, Plaintiff and others similarly situated were legally entitled to be paid minimum wage and at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek. As employees of Nationwide Eviction, Plaintiff and others similarly situated were legally entitled to minimum wage.

19. Defendant failed to pay Plaintiff and others similarly situated at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day work week in violation of the FLSA 29 U.S.C. § 207. Defendant failed to pay Plaintiff and others similarly situated minimum wage in violation of the FLSA 28 U.S.C. § 206(a)(1)(C).[1]

20. As a result, Plaintiff and others similarly situated did not receive the compensation they

---

[1] The FLSA was enacted to ensure the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers. 28 U.S.C. § 202. To this end, the FLSA requires that employees be compensated at least a regular rate of $7.25 an hour ("minimum wage"). 28 U.S.C. § 206(a)(1)(C).

were legally entitled to receive.

21. Defendant's violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiff's and other similarly situated employees' rights.

22. As a result of Defendant's willful violations of the FLSA, Plaintiff and others similarly situated are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VI.   SECOND CAUSE OF ACTION: FAILURE TO MAINTAIN ACCURATE RECORDS

23. Plaintiff reasserts and incorporate by reference all of the above numbered paragraphs.

24. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. §211(c); 29 C.F.R. pt 516.

25. In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time records as required by the FLSA.

## VII.   COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff reasserts and incorporate by reference all of the above numbered paragraphs.

27. Upon information and belief, many other similarly situated employees employed by Defendant over the last three (3) years have been victimized by Defendant's violations of the FLSA.

28. As set forth above, Plaintiff is aware of other employees who perform similar work for Defendant.

29. These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216 (b). The class is properly identified as:

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or

acquired by Defendant, who were not paid overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per week.

30. Defendant's practice of not paying employees similarly situated to Plaintiff at one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per each seven (7) day workweek is in direct violation of the FLSA.

31. As a result of Defendant's willful violations of the FLSA, others similarly situated employees are entitled to reimbursement of unpaid overtime, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VIII.   JURY DEMAND

32. Plaintiff demands a jury on all issues to be tried in this matter. Plaintiff has submitted the jury demand and herein submit the jury fee.

## IX.   PRAYER

33. For the reasons set forth above, Plaintiff respectfully pray that the Defendant be cited to appear and answer herein, and for the following relief:

   a. that the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

   b. judgment awarding Plaintiff and similarly situated employees all unpaid overtime wages, lost wages, liquidated damages, attorneys' fees and costs under the FLSA;

   c. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   d. all such other and further relief to which Plaintiff and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,



By: _____
Alfonso Kennard, Jr.
Texas State Bar No. 24036888
Federal ID No. 713316
Attorney-In-Charge
Email Alfonso.Kennard@KennardLaw.com
Ronald E. Dupree, Jr.
State Bar No. 24055433
Federal ID No. 1046738
Email: ronald.dupree@kennardlaw.com
2603 Augusta Drive, 1450
Houston Texas 77057
Main: 713.742.0900
Fax: 713.742.0951
**ATTORNEYS FOR PLAINTIFF**