UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAN RUSSELL, Individually and on Behalf of All Others Similarly Situated, | § § § § § | |
| *Plaintiff*, | | |
| v. | § § § § § § | CIVIL ACTION H-17-0008 |
| NATIONWIDE EVICTION, LLC, | | |
| *Defendant*. | | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a renewed motion for conditional certification of a collective action filed by plaintiff Dan Russell. Dkt. 14. Defendant Nationwide Eviction, LLC ("Nationwide") responded objecting to conditional certification, the scope of the proposed class, and the proposed notice. Dkt. 16. After considering the motion, the response, the relevant documents in the record, and the applicable law, the court is of the opinion that the motion for conditional certification should be **DENIED**.

**I. BACKGROUND**

Nationwide provides assistance to landlords in eviction proceedings. Dkt. 14 at 4. Specifically, Nationwide utilizes "Court Representatives" to make court appearances on behalf of its clients. *Id.* Russell worked for Nationwide as a Court Representative from October 2013 to October 2016. Dkt. 3 at 2. Russell filed this suit under the Fair Labor Standards Act ("FLSA") claiming that Nationwide wrongfully failed to pay Russell, and others similarly situated, legally-owed overtime wages. *Id.* at 1.

According to Russell, he worked in excess of forty hours a week but was not paid overtime wages. Dkt. 14 at 4–5. Russell alleges that Nationwide paid him a flat fee for each court appearance, even though some court appearances required him to work upwards of twelve hours per day. *Id.* at 5. Russell alleges that Nationwide violated the FLSA by failing to pay him, and others similarly situated, at one-and-one-half times their regular pay rates for the hours worked in excess of forty in a week. Dkt. 3 at 4.

On January 4, 2017, Russell filed a motion for conditional certification under the FLSA. Dkt. 5. The court denied Russell's motion without prejudice because Russell failed to provide any evidence that "other similarly situated individuals who want to opt in to this lawsuit exist." Dkt. 13 at 2. The court denied the motion without prejudice to allow Russell the opportunity to file a renewed motion with supporting affidavits or other evidence. *Id.* Russell's renewed motion for conditional certification is now before the court. Dkt. 14.

## II. ANALYSIS

Russell asks the court to conditionally certify the class and for permission to send notice of the lawsuit "to all individuals who, at any point, during the past three (3) years prior to the filing of this lawsuit, worked for Defendant as Court Representatives." *Id.* at 8. Nationwide responds that Russell has not met his burden to justify conditional certification, and in the alternative, that the proposed class and notice should be limited. Dkt. 16.

**A.  Legal Standard**

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of forty hours per week. 29 U.S.C. § 207(a). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. *Id.* § 216(b). Section 216(b) also permits an employee to bring a collective action

2

lawsuit against an employer on "behalf of himself . . . and other employees similarly situated." *Id.* Employees who wish to participate in a § 216(b) collective action must affirmatively "opt-in" to the action by filing a written consent with the court. *Id.* The "opt-in" procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under Federal Rule of Civil Procedure 23(c): in a Rule 23 proceeding, persons within the class description are automatically considered class members and must "opt-out" of the suit if they do not wish to participate. *LaChapelle v. Owens-Ill., Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

The Fifth Circuit has declined to adopt a specific test to determine when a court should certify a collective action or grant notice in a § 216(b) action, but most federal courts (including this court) have adopted the *Lusardi* test. *Badgett v. Tex. Taco Cabana, L.P.*, No. H–05–3624, 2006 WL 2934265, at *1–2 (S.D. Tex. Oct. 12, 2006) (Miller, J.). Under the *Lusardi* test, a district court engages in a two-step analysis to determine whether the potential plaintiffs are "similarly situated." *Id.* at *1.

The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage." *Id.* At the notice stage, the court makes a decision, usually solely based on the pleadings and any submitted affidavits, whether to conditionally certify a collective action and give notice to potential class members. *See Mooney v. Aramco Servs*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). At this stage, the court applies a "fairly lenient standard" because there is often minimal evidence available. *Id.* at 1214. Courts, in fact, "appear to require nothing more than substantial allegations that putative class members were together the victims of a single decision, policy or plan." *Id.* at 1214 n.8 (quoting *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). Thus, the notice stage analysis typically results in conditional certification of a representative class. *Badgett*, 2006

WL 2934265, at *1. After conditional certification, the "putative class members are given notice and the opportunity to 'opt-in.'" *Mooney*, 54 F.3d at 1214.

After conditional certification is granted, the action proceeds as a representative action. *See id.* The second stage—the "decertification stage"—is typically precipitated by the defendant filing a motion to decertify after the opt-in period has concluded and discovery is largely complete. *Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* If the court finds the claimants are no longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id.* If the class is still similarly situated, the court allows the collective action to proceed. *Id.*

A "decision to certify, even if subject to correction at the decertification stage, is not without consequences" as "[t]oo much leniency at the notice stage can lead to a 'frivolous fishing expedition conducted by the plaintiff at the employer's expense.'" *Lang v. DirecTV, Inc.*, No. 10–1085, 2011 WL 6934607, at *6 (E.D. La. Dec. 30, 2011) (footnotes omitted). Further, "extreme leniency at the notice stage can result in conditional certification that must later be revoked on the eve of trial . . . when it becomes obvious that manageability concerns make collective action impossible." *Id.* (footnote omitted). Therefore, while the notice stage standard is lenient, it is not automatic. *Badgett*, 2006 WL 2934265, at *2.

The plaintiff bears the burden of making a preliminary factual showing that a similarly situated group of potential plaintiffs exists. *Id.* To establish this, the plaintiff must make a minimal showing that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Maynor*

4

*v. Dow Chem. Co.*, No. G–07–0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008) (citing *Prater v. Commerce Equities Mgmt. Co.*, No. H–07–2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007); *Simmons v. T–Mobile USA, Inc.*, No. H–06–1820, 2007 WL 210008, at *5 (S.D. Tex. Jan. 24, 2007)).

**B.      Analysis**

Russell alleges that he regularly worked more than forty hours each week and was not paid overtime for his work. Dkt. 14 at 7. Further, Russell argues that the court should grant conditional certification because other employees who worked as Court Representatives performed the same or similar work as Russell and were also not compensated for overtime. *Id.* In support of this claim, Russell relies on a single statement he made in the declaration attached as an exhibit to his motion, which provides:

> I know other Court Representatives, who, like me, worked a similar number of hours and who received a flat rate for each court appearance and were not paid one and one half times their regular rates of pay for each hour they worked over 40 in a workweek. Specifically, I know that Travis Prior and Toni Damian, usually worked around the same number of hours as me and received a flat rate for each appearance.

*Id.*, Ex. 1 ¶ 8.

Nationwide responds that conditional certification is inappropriate in this case. Dkt. 16. In the alternative, Nationwide argues that if conditional certification is granted, the proposed class should be limited and the scope of the notice should be limited as well. *Id.* at 14–18. Because conditional certification is not warranted in this case, the court need not consider Nationwide's alternative arguments.

Assuming, without deciding, that Russell satisfies the first two elements of the *Lusardi* test, conditional certification is still not warranted because Russell fails to make a minimal showing that

5

other similarly situated individuals want to opt in to the lawsuit, which is required under the third element. *Maynor*, 2008 WL 2220394, at *6. In cases in which the plaintiff failed to satisfy that other individuals actually want to opt in to the lawsuit, courts in this district, including this one, have denied conditional certification. *See, e.g., Herron v. Peveto Cos., Ltd.*, No. H-15-766, 2016 WL 3166850, at *2 (S.D. Tex. June 7, 2016) (Miller, J.). "This requirement is necessary to ensure that the collective action mechanism is being used appropriately to promote judicial efficiency rather than as a tool to burden a defendant and create settlement pressure." *Id.*

The statement relied on by Russell provides no evidence that any other individual has interest in joining the lawsuit. *See* Dkt. 14, Ex. 1 ¶ 8. Further, in the ten months that this case has been on file, only one individual (Travis Pryor) other than Russell has opted into the lawsuit. Dkt. 17. Thus, the only indication that others might be interested in joining the lawsuit is Pryor's consent to join. This court has previously declined to conditionally certify collective actions when plaintiffs have presented more evidence than what Russell has here. *See Shaffer v. M-I, LLC*, No. H-14-2966, 2015 WL 7313415, at *4 (S.D. Tex. Nov. 19, 2015) (Miller, J.) (declining to conditionally certify when one valid consent was filed along with an affidavit stating "[plaintiff] know[s] that others would be interested to learn that they too may recover unpaid back wages from [defendant]"); *Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at *3 (S.D. Tex. Aug. 14, 2009) (Miller, J.) (declining to conditionally certify when one consent was filed along with an affidavit stating that plaintiff believes there are three other employees who would be interested in joining the suit).

In both *Shaffer* and *Morales*, the respective plaintiffs included at least some indication that others would be interested in joining the lawsuit in their affidavits, in addition to the consents filed. Here, Russell provides no indication at all that others would be interested in joining the suit. The instant case is more like *Herron*. In *Herron*, the plaintiff's affidavit stated that he remembers

"talking to some [other employees] about overtime not being paid to us." 2016 WL 3166850, at *3. While a consent was not filed in *Herron*, another employee did file an affidavit indicating that he would like to opt in if the class was certified. *Id.* Thus, *Herron* involved a plaintiff's affidavit with no indication that others actually wanted to join the suit, and the expressed interest of one other individual. *See id.* Here, Russell's declaration provides no indication that others actually want to join, leaving the Pryor consent as the only indication of any interest by other individuals. Like the plaintiff in *Herron*, Russell has failed to make a minimal showing that other similarly situated individuals want to opt in to the lawsuit.

### IV. CONCLUSION

Because Russell failed to satisfy the third element of the *Lusardi* test, Russell has failed to meet his burden to justify conditional certification. Thus, Russell's renewed motion for conditional certification of a collective action (Dkt. 14) is **DENIED**.

Signed at Houston, Texas on October 19, 2017.

_____
Gray H. Miller
United States District Judge